UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL REYNOSO,<br><br>         Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>         Defendant. | Case No.  1:19-cv-00314-BAK (BAM)<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(Doc. 21) |

Currently before the Court is the motion for attorney fees pursuant to 42 U.S.C. § 406(b) filed by counsel Lawrence D. Rohlfing ("Counsel"), attorney for Joel Reynoso ("Plaintiff"), on March 15, 2022.[1] (Doc. 21.) Counsel requests fees in the amount of $24,000.00 pursuant to 42 U.S.C. § 406(b). (*Id.* at 6.)  Despite notice, Plaintiff has not objected to the request.  On March 28, 2022, the Commissioner of Social Security ("Commissioner") filed a response to the fee request).  (Doc. 24)

**I.    Relevant Background**

Plaintiff filed this action challenging the denial of his applications for disability insurance benefits and supplemental security income on March 7, 2019. (Doc. 1.)  On August 3, 2020, the

---

[1] This action proceeds before a United States Magistrate Judge for all purposes, including entry of final judgment. *See* 28 U.S.C. § 636(c); *see also* Docs. 7, 8, 25.

1

Court issued an order remanding the action pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.  (Doc. 16.)  Judgment was entered in Plaintiff's favor.  (Doc. 17.)  On November 3, 2020, the Court approved the parties' stipulation to award Plaintiff attorney fees of $ 3,000.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 19.)

On remand, the Commissioner found Plaintiff was entitled to monthly disability benefits beginning August 2014.  (Doc. 21-3.)   The award letter did not provide a cumulative total of past-due benefits, but rather identified benefits due for various periods. Based on the monthly past-due benefit amounts listed in the award letter, counsel calculates that Plaintiff is entitled to $113,081.00 in past due benefits.  (Docs. 21-3; 21 at 7 ("Social Security calculates Reynoso's past due benefits at $113,081.00.")  The Commissioner does not dispute this amount.  (Doc. 24 at 2 ("Counsel appears correct that Plaintiff is entitled to approximately $113,000 in past-due benefits.").)  25% of the past-due benefits amount is $28,270.25.  (Doc. 21 at 6.) Counsel previously received payment of $3,000.00 in EAJA fees.  (Docs. 19; 21 at 15 ("the $3,000.00 EAJA fee received"); ("the EAJA fee previously awarded and received in the amount of $3,400.00"); 24 at 5 ("the $3,000 in EAJA fees that Counsel previously accepted for work before this Court").

In the present motion, Counsel seeks attorney's fees in the amount of $24,000.[2] (Doc. 21.) Plaintiff's counsel contends this fee is reasonable in light of the services expended and results achieved. (*Id.* at 7.) The Commissioner filed a response indicating neither assent nor objection to the 406(b) request.  (Doc. 24.)

## II.     Legal Standard

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

---

[2]  Counsel's motion seeks an order paying the fee of $24,000.00 less the $3,000.00 for EAJA fees previously paid by the Commissioner for a net fee award of $21,000.00.  (Doc. 21 at 6.)

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants in court). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Gisbrecht*, supra, 535 U.S. at 807. "[A]n award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA." *Jones v. Comm'r of Soc. Sec.,* No. 1:17-cv-00846-SAB, 2021 WL 84401, at *2 (E.D. Cal. Jan. 11, 2021) (citing *Gisbrecht*, 535 U.S. at 796.).

### III.    Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).

In this case, after carefully considering the fee agreement and the applicable law, the Court finds Plaintiff's counsel's requested fees to be reasonable. In support of the motion for attorneys' fees under 42 U.S.C. § 406(b), Plaintiff's counsel attached the contingent fee agreement which provided for a contingent fee of 25% of the past due benefits.  (Doc. 21-1.) Plaintiff's counsel accordingly accepted the risk of loss in the representation. Plaintiff's counsel additionally expended a total of 13.9 hours of attorney time and 2.7 hours of paralegal time (16.6 hours total) while representing Plaintiff before the District Court. (Docs. 21 at 6, 16; 21-4.)  The requested fee amount represents approximately 21% of past-due benefits and is within the applicable maximum.  (Doc. 21 at 10.)  As a result of counsel's work, the matter was remanded for further proceedings and the Commissioner awarded Plaintiff benefits.

///

Plaintiff's counsel provided a copy of the notice of award and the motion for attorney's fees to Plaintiff. (Doc. 21 at 24.) The motion included notice to Plaintiff that he had a right to file a response with the Court within fourteen (14) days. (*Id.* at 2.) Although served with the motion, Plaintiff did not challenge the requested fees which attests to their reasonableness. Likewise, the Commissioner, in its advisory capacity, declined to dispute the propriety of the amount of the fees requested by Plaintiff's counsel. (Doc. 24.)

Additionally, there is no indication counsel performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. To the contrary, Plaintiff was able to secure a fully favorable decision and remand for further proceedings, including an award of past-due benefits. Accordingly, the Court finds the fees sought by counsel are reasonable in light the results achieved in this action, and the amount does not exceed twenty-five percent maximum permitted under 42 U.S.C. § 406(b).

**IV.    Conclusion and Order**

Based upon the foregoing, the Court ORDERS:

1. Counsel's motion for attorney fees under 42 U.S.C. § 406(b) (Doc. 21) is GRANTED;

2. Plaintiff's counsel is awarded $24,000.00 in attorney fees pursuant to 42 U.S.C. § 406(b); and

3. Plaintiff's counsel shall compensate Plaintiff in the amount of $3,000.00 as an offset for fees previously awarded pursuant to the EAJA.

IT IS SO ORDERED.

Dated:   **April 19, 2022**              /s/ *Barbara A. McAuliffe*              
                                                              UNITED STATES MAGISTRATE JUDGE